United States District Court
for the
Southern District of Florida

Nasim Hara, and others, Plaintiffs, )
)
v. )
) Civil Action No. 18-25389-Civ-Scola
)
Royal Caribbean Cruises LTD., )
Defendant. )

## **Opinion Order Striking Complaint**

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by Plaintiff ("Hara") when a ceiling panel fell on him while "dancing and mingling" at a "Fuel Teen Disco" on the Defendant's ship. (ECF No. 1 at ¶ 11.) Hara filed this complaint on December 21, 2018, under 28 U.S.C. §§ 1332, 1333. In the Complaint, Hara asserts one count for "negligence" under the following theories of liability:

> The Defendant breached those duties and was negligent by: failing to inspect and to inspect on a regular basis the ceiling tiles on the subject vessel, including the subject ceiling tile on the subject cruise ship; failing to repair and maintain the ceiling tiles including the subject ceiling tile on the subject cruise ship; failing to have in place a regular maintenance program for the ceiling tiles on the subject cruise ship; failing to generate and require reasonable and adequate records of inspection and maintenance of the ceiling tiles including the subject ceiling tile on the subject cruise ship; failing to replace ceiling tiles including the subject ceiling tile on the subject cruise ship on a regular, timed basis or on an as-needed basis after regular inspection; failing to provide safe ceiling tiles inside the Fuel Teen Disco; failing to provide a program or method of operation where the ceiling tiles onboard the subject ship are routinely inspected, repaired, maintained, and/or replaced; failing to properly and reasonably train its employees in the proper method of inspecting ceiling tiles and ensuring ceiling tiles are in a safe condition; failing to remove ceiling tiles on the subject ship which are not regularly inspected or are in disrepair; failing to warn passengers that the ceiling tiles on the subject ship are in disrepair and are not inspected and are unsafe; and failing to otherwise provide a safe way for passengers to use all areas of the Fuel Teen Disco onboard the subject ship.

(ECF No. 1 at ¶ 16.)

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

The Complaint is a shotgun pleading and is stricken accordingly. Through a single "negligence" count, Hara asserts, without limitation, theories of liability for failure to train, failure to maintain, failure to warn, and negligent design. (ECF No. 1 at ¶ 16.) These are separate causes of action that must be asserted independently and with supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (under similar facts, ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same).

This is not news to counsel. *See, e.g., Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent

hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1333, n.7 (S.D. Fla. 2018) (Goodman, Mag. J.) (dismissing negligence claim where Plaintiff "has done little more than assert fact-free, wholly conclusory, boilerplate allegations"; requiring in any amended pleading that the plaintiff "allege facts, not merely labels and boilerplate conclusions"; and acknowledging counsel's documented history of filing shotgun pleadings); *see also Ward v. Carnival Cruises*, No. 17-cv-24629-RNS, DE 1 at ¶ 20 (S.D. Fla. Dec. 20, 2017).

Accordingly, the Court **strikes** the Complaint, (**ECF No. 1**), as a shotgun pleading. Hara may file an amended complaint by **January 29, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, Hara shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou*, 2012 WL 2049431 at *6 ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations."). Hara is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

Lastly, in any amended pleading Hara shall also allege the Defendant's principal place of business, as it must to invoke the Court's diversity jurisdiction.

**Done and ordered**, in Chambers, in Miami, Florida on January 22, 2019.

                                                   _____
                                                   Robert N. Scola, Jr.
                                                   United States District Judge